UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ELMER LEE JEFFERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-CV-179 SNLJ |
| | ) | |
| ZEL M. FISCHER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. The motion is granted. Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed under 28 U.S.C. § 1915(e).

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

Plaintiff, a frequent filer of civil lawsuits in this Court, brings this complaint, alleging "fraud on the court." In his statement of the claim, he lists the following:

1. There was fraud upon the Court

2. The Court lacked jurisdiction to enter void judgment

3. The Sheriff was in contempt of Court

4. There was intentional infliction of emotional distress

5. There was wrongful incarceration

6. There was inadequate assistance of counsel

7. There was malicious abuse of process.

For support, he states merely "see attached." Attached to the complaint are seventy pages from plaintiff's state court criminal proceeding. He includes grievances filed with the Missouri Department of Corrections in 2007 regarding his medical treatment in prison, correspondence with the Clerk of the Missouri Supreme Court, and documents filed with the Missouri Court of Appeals. In one document, plaintiff alleges the Kennett Police Department arrested him without a warrant on March 26, 2009.

Plaintiff has named as defendants, Zel M. Fischer, Chief Justice of the Missouri Supreme Court; Ellis McSwain, Jr., Chairman, Missouri Board of Probation and Parole; Judge Scott Horman; Sheriff Bob Holder; Judge John C. Spielman; and Christina Benson, En Banc Clerk, Missouri Supreme Court.

**Discussion**

The complaint is frivolous as to defendants Fischer, Horman, Spielman, and Benson because they are immune from suit. *Penn v. United States*, 335 F.3d 786, 789 (8th Cir. 2003) (judicial immunity); *Davis v. McAteer*, 431 F.2d 81 (8th Cir. 1970) (clerk of court immune from suit).

The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the municipality is responsible for the alleged constitutional violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). Plaintiff's complaint does not contain any allegation that a policy or custom of a municipality was responsible for the alleged violations of plaintiff's rights. As a result, the complaint fails to state a claim upon which relief can be granted.

Furthermore, plaintiff's history of filing frivolous lawsuits against the judges and other actors involved in his several criminal prosecutions shows that plaintiff has filed this case to harass those individuals charged with enforcing the laws of the State of Missouri. This is not a proper purpose for bringing a case in federal court, and this action should be dismissed as malicious. *See Jefferson v. Burke*, No. 1:08-CV-7 CAS (E.D. Mo. filed Feb. 13, 2008) (citing

four prior frivolous or malicious actions filed by plaintiff against defendants with judicial and prosecutorial immunity).

Finally, to the extent plaintiff seeks to allege constitutional violations arising out of activities in 2007 or 2009, these allegations are time barred. Section 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations. *Sulik v. Taney County, Mo.*, 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4).

For these reasons, this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's motion to supplement his complaint will be denied, as the proposed amended complaint neither corrects the defects discussed above nor states a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions to proceed in forma pauperis are **GRANTED**. [ECF Nos. 2 and 3]

**IT IS FURTHER ORDERED** that plaintiff's motion to amend the complaint is **DENIED**. [ECF No. 8]

**IT IS FURTHER ORDERED** that plaintiff's motion for a pro bono neutral is **DENIED as moot**. [ECF No. 10]

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 12th day of March, 2018.

                                                          STEPHEN N. LIMBAUGH, JR.
                                                        UNITED STATES DISTRICT JUDGE